**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

Case number *(if known)* _____ Chapter ___11___

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Ironclad Performance Wear Corporation, a Nevada corporation** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **98-0434104** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **1920 Hutton Court**<br>**Suite 300**<br>**Dallas, TX 75234** | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Dallas** | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.ironclad.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

INFO

| Debtor | Ironclad Performance Wear Corporation, a Nevada corporation | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as described in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   _____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| | District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| | Debtor | Ironclad Performance Wear Corporation, A California corporation | Relationship | Affiliate |
|---|---|---|---|---|

Debtor  **Ironclad Performance Wear Corporation, a Nevada corporation**

Case number (*if known*)

Name

|  | District | Central District of California - San Fernando Valley Division | When | **9/08/17** | Case number, if known | **1:17-bk-12408-MB** |
|---|---|---|---|---|---|---|

| Debtor | Ironclad Performance Wear Corporation, a Nevada corporation | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
                            Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds** .

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☑ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☑ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor **Ironclad Performance Wear Corporation, a Nevada corporation**

Name

Case number (*if known*)

---

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **September 8, 2017**

MM / DD / YYYY

X **/s/ L. Geoffrey Greulich**

Signature of authorized representative of debtor

**L. Geoffrey Greulich**

Printed name

Title   **Chief Executive Officer**

---

**18. Signature of attorney**

X **/s/ Ron Bender**

Signature of attorney for debtor

Date **September 8, 2017**

MM / DD / YYYY

**Ron Bender**

Printed name

**Levene, Neale, Bender, Yoo & Brill LLP**

Firm name

**10250 Constellation Blvd.**
**Suite 1700**
**Los Angeles, CA 90067**

Number, Street, City, State & ZIP Code

Contact phone **(310) 229-1234**   Email address

**143364**

Bar number and State

---

Official Form 201

**Voluntary Petition for Non-Individuals Filing for Bankruptcy**

page 5

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## Central District of California - San Fernando

In re    **Ironclad Performance Wear Corporation, a Nevada corporation**        Case No.
                                                        Debtor(s)        Chapter    **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    **000-51365**    .

2. The following financial data is the latest available information and refers to the debtor's condition on    **June 30, 2017**    .

   a. Total assets                                            $            **16,604,303.00**

   b. Total debts (including debts listed in 2.c., below)      $            **8,058,810.00**

   c. Debt securities held by more than 500 holders:

| | | | | | | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |

   d. Number of shares of preferred stock                         **0**                **0**

   e. Number of shares common stock                    **85,646,354**            **136**

   Comments, if any:
   **The financial information provided herein has not been reviewed or audited by Debtor's independent accountant. It is unaudited and reflects the status of financial data as of June 30, 2017.**

   **The outstanding shares and amount of shareholders listed herein reflects Debtor's records as of May 4, 2017.**

3. Brief description of Debtor's business:
   **Debtor owns 100% of the stock of Ironclad Performance Wear Corp., a California corporation, a developer and manufacturer of high-performance task-specific gloves and apparel for the "industrial athlete" in a variety of end markets.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **Ronald Chez**
   **Scott Jarus**
   **Kenneth J. Frank**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Ironclad Performance Wear Corporation, a Nevada corporation** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO |
| Case number (if known) | _____ |

☐ Check if this is an
amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule* _____
■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration  _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **September  8, 2017**        X **/s/ L. Geoffrey Greulich**
                                              Signature of individual signing on behalf of debtor

                                              **L. Geoffrey Greulich**
                                              Printed name

                                              **Chief Executive Officer**
                                              Position or relationship to debtor

| Fill in this information to identify the case: | |
| --- | --- |
| Debtor name | **Ironclad Performance Wear Corporation, a Nevada corporation** |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
                                                                                                                  **12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **1920 Hutton Court Inwood National Bank P O Box 857413 Richardson, TX 75085** | **Johnny Clark** jclark@hldallas.com (972) 280-8313 | **Rent** | | | | $21,275.56 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Ron Bender**<br>**10250 Constellation Blvd.**<br>**Suite 1700**<br>**Los Angeles, CA 90067**<br>**(310) 229-1234**<br>California State Bar Number: **143364** | |

☐ *Debtor(s) appearing without an attorney*

■ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

In re:

**Ironclad Performance Wear Corporation, a Nevada corporation**

CASE NO.:

CHAPTER: **11**

### VERIFICATION OF MASTER MAILING LIST OF CREDITORS

### [LBR 1007-1(a)]

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __1__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: **September  8, 2017** _____

**/s/ L. Geoffrey Greulich** _____
Siganture of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: **September  8, 2017** _____

**/s/ Ron Bender** _____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    **F 1007-1.MAILING.LIST.VERIFICATION**

Ironclad Performance Wear Corporation, a Nevada corporat
1920 Hutton Court
Suite 300
Dallas, TX 75234


Ron Bender
Levene, Neale, Bender, Yoo & Brill LLP
10250 Constellation Blvd.
Suite 1700
Los Angeles, CA 90067


U.S. Trustee  San Fernando  Valley
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017


1920 Hutton Court
Inwood National Bank
P O Box 857413
Richardson, TX 75085


Radians Wareham Holding, Inc.
Attn: Mike Tutor, CEO
5305 Distriplex Farms
Memphis, TN 38141

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO

Attorney or Party Name, Address, Telephone & FAX Nos.,
State Bar No. & Email Address
**Ron Bender**
**Levene, Neale, Bender, Yoo & Brill LLP**
**10250 Constellation Blvd.**
**Suite 1700**
**Los Angeles, CA 90067**
**(310) 229-1234**
**143364**

Attorney for:

in re:

**Ironclad Performance Wear Corporation, a Nevada corporation**
Debtor(s).

| | |
|---|---|
| CASE NO.: | |
| CHAPTER: **11** | |
| ADVERSARY NO.: | |
| (if applicable) | |

**ELECTRONIC FILING DECLARATION
(CORPORATION/PARTNERSHIP)**

[LBR 1002-1(f)]

| | Date Filed: | |
|---|---|---|
| ☑ Petition, statement of affairs, schedules or lists | Date Filed: | **September 8, 2017** |
| ☐ Amendments to the petition, statement of affairs, schedules or lists | Date Filed: | |
| ☐ Other (specify): | Date Filed: | |

## PART I - DECLARATION OF SIGNATORY OF DEBTOR OR OTHER PARTY

I, the undersigned, declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct printed copy of the Filed Document in such places on behalf of the Filing Party and provided the executed printed copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this Declaration with the United States Bankruptcy Court for the Central District of California.

September 8, 2017
Date:

Signature (handwritten) of authorized signatory of Filing Party

**L. Geoffrey Greulich**
Printed name of authorized signatory of Filing Party

**Chief Executive Officer**
Title of authorized signatory of Filing Party

## PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

I, the undersigned Attorney for the Filing Party, declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed Part I - Declaration of Authorized Signatory of Debtor or Other Party of this Declaration before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct printed copy of the Filed Document; (4) I shall maintain the executed originals of this Declaration and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration and the Filed Document available for review upon request of the court or other parties.

September 8, 2017
Date:

Signature (handwritten) of attorney for Filing Party

**Ron Bender 143364**
Printed Name of attorney for Filing Party

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2015                                                                                    F 1002-1.DEC.ELEC.FILING.NONINDIVIDUAL

## OFFICER'S CERTIFICATE

September 7, 2017

I hereby certify that I am the duly elected, qualified, and acting Chief Executive Officer of each of Ironclad Performance Wear Corporation, a California corporation ("Ironclad California"), and Ironclad Performance Wear Corporation, a Nevada corporation ("Ironclad Nevada" and together with Ironclad California, the "Corporations"), and do further certify that:

Attached hereto as <u>Exhibit A</u> is a true and complete copy of all resolutions adopted by the board of directors of each of the Corporations authorizing (1) the filing of cases under chapter 11 of 11 U.S.C. §§ 101-1532 in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, (2) entry into a Debtor-in-Possession Credit Agreement providing for the Corporations to borrow up to $2 million of additional money and a related Agreement for the Use of Cash Collateral, and (3) entry into a Stalking Horse Asset Purchase Agreement with Radians Wareham Holding, Inc.; and

All such resolutions are in full force and effect.

IN WITNESS WHEREOF, I have executed this Officer's Certificate as of the date first above written.

By: _____
L. Geoffrey Greulich
Chief Executive Officer

## EXHIBIT A

## RESOLUTIONS

### Filing of Chapter 11 Bankruptcy Cases

**NOW THEREFORE, BE IT RESOLVED**, that the Boards, after having considered (i) the outstanding liabilities and assets of the Corporations, (ii) the Corporations' inability to meet their debts as they become due, (iii) the inability of the Corporations to stop their secured creditor Radians from exercising its rights and remedies against the Corporations, including the sweeping of the Corporations' cash, (iv) the Corporations' fiduciary duties to their stockholders and creditors, and (v) all alternatives currently available to the Corporations, have determined that it is advisable and in the best interests of the Corporations, their creditors and their stockholders to file voluntary bankruptcy petitions under chapter 11 of 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "***Bankruptcy Court***");

**RESOLVED FURTHER**, that Geoff Greulich (the "***Responsible Party***"), and anyone designated by the Responsible Party, is hereby authorized to execute and cause to be filed chapter 11 bankruptcy petitions (and all related documents and papers) under the Bankruptcy Code to enable the Corporations to commence chapter 11 bankruptcy cases under the Bankruptcy Code (collectively, the "***Bankruptcy Cases***");

**RESOLVED FURTHER**, that the Responsible Party is hereby authorized, in the name of the Corporations, to employ the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. as bankruptcy counsel to the Corporations for purposes of filing the Chapter 11 bankruptcy petitions and representing the Corporations in the Bankruptcy Cases;

**RESOLVED FURTHER,** that the Responsible Party is hereby authorized to employ, in the name of the Corporations, any other professionals to represent or assist the Corporations in connection with the Bankruptcy Cases that the Responsible Party deems to be in the best interests of the Corporations;

**RESOLVED FURTHER**, that the Responsible Party is hereby authorized on behalf of and in the name of the Corporations to execute and file and to cause counsel to the Corporations to prepare with the assistance of the Corporations as appropriate all petitions, schedules, lists and other papers, documents and pleadings and to take any and all action which the Responsible Party deems necessary and proper in connection with the Bankruptcy Cases; and

**RESOLVED FURTHER**, that the authority granted to the Responsible Party pursuant to the foregoing resolutions to cause the Corporations to take further actions in connection with the Bankruptcy Cases shall include, but not be limited to, seeking Bankruptcy Court approval for the Corporations to use cash collateral and/or to obtain post-bankruptcy financing and executing any agreements related to any of the foregoing; compensating employees; hiring and terminating employees; purchasing products or materials; selling products; entering into or continuing with agreements; terminating, altering or amending agreements; collecting accounts receivable; negotiating with creditors, lenders, vendors, suppliers and landlords; assuming, assigning, or

rejecting executory contracts and unexpired leases; renegotiating the terms of executory contracts and unexpired leases; signing new or amended contracts and leases; commencing, defending and settling litigation involving the Corporations; marketing the Corporations' assets for sale and consummating the sale of all or substantially all of the Corporations' assets for the most money possible; and formulating, filing and seeking to confirm a plan of reorganization to maximize the recovery for creditors and stockholders.

## Approval of Bankruptcy Budget, Debtor-in-Possession Credit Agreement, and Agreement for the Use of Cash Collateral

**WHEREAS**, it has been proposed that the Corporations (i) enter into that certain Debtor-in-Possession Credit Agreement providing for the Corporations to borrow up to $2 million of additional money and Agreement for the Use of Cash Collateral with Radians (the "*Financing and Cash Collateral Agreement*") in the forms presented to the Boards subject to any further modifications negotiated between the Corporations and Radians and approved by the Responsible Party in the exercise of his reasonable discretion and upon the advice of counsel to be in the best interests of the Corporations, and (ii) adopt that certain budget (the "*Budget*") presented to the Boards subject to any further modifications negotiated between the Corporations and Radians and approved by the Responsible Party in the exercise of his reasonable discretion; and

**WHEREAS**, after due consideration, the Boards deem it advisable and in the best interests of the Corporations, their creditors and their stockholders to approve the Financing and Cash Collateral Agreement and adopt the Budget and, subject to the approval of the Bankruptcy Court, to enter into and perform under the Financing and Cash Collateral Agreement and to act in accordance with any related orders of the Bankruptcy Court.

**NOW, THEREFORE, BE IT RESOLVED**, that the Financing and Cash Collateral Agreement and the Budget, subject to any further modifications negotiated between the Corporations and Radians and approved by the Responsible Party in the exercise of his reasonable discretion and upon the advice of counsel are adopted, approved and ratified in all respects; and

**RESOLVED FURTHER**, that the Responsible Party is authorized, in the name of the Corporations, to sign the Financing and Cash Collateral Agreement for and on behalf of the Corporations, to do or cause to be done all such acts and things, and to take all actions deemed necessary or appropriate, to cause the Corporations to obtain the Bankruptcy Court's approval of the Financing and Cash Collateral Agreement and the Budget.

## Stalking Horse Asset Purchase Agreement

**WHEREAS**, it has been proposed that the Corporations enter into that certain Stalking Horse Asset Purchase Agreement with Radians (the "*Asset Purchase Agreement*") in the form presented to the Boards subject to any further modifications negotiated between the Corporations and Radians and approved by the Responsible Party in the exercise of his reasonable discretion and upon the advice of counsel to be in the best interests of the Corporations, pursuant to which the Corporations will sell substantially all of the Corporations' assets to Radians for the consideration and otherwise on the terms and conditions set forth in the Asset Purchase Agreement subject to overbid at an auction to be conducted by the Corporations (the "*Transaction*");

**WHEREAS**, in connection with the Transaction, it has been proposed that the Corporations enter into various documents to enable the Corporations to consummate the Transaction with Radians or to a successful overbidder resulting from the auction (collectively with the Asset Purchase Agreement, the "***Transaction Documents***"); and

**WHEREAS**, after due consideration, the Boards deem it advisable and in the best interests of the Corporations, their creditors and their stockholders to approve and adopt the Transaction and the Transaction Documents and, subject to the approval of the Bankruptcy Court, to enter into and perform under the Transaction and the Transaction Documents and to act in accordance with any related orders of the Bankruptcy Court.

**NOW, THEREFORE, BE IT RESOLVED**, that the forms, terms, provisions and conditions of the Transaction and the Transaction Documents, subject to any further modifications negotiated between the Corporations and Radians and approved by the Responsible Party in the exercise of his reasonable discretion and upon the advice of counsel are adopted, approved and ratified in all respects;

**RESOLVED FURTHER**, that the actions of the Responsible Party and the other officers and agents of the Corporation, and each of them, previously taken in connection with the negotiation and/or the preparation of the forms, terms, provisions and conditions of the Transaction and the Transaction Documents are hereby ratified and approved in all respects;

**RESOLVED FURTHER**, that, subject to the approval of the Bankruptcy Court, the Responsible Party is hereby authorized to execute and deliver and to cause the Corporation to perform its obligations under the Transaction and the Transaction Documents and to consummate the Transaction;

**RESOLVED FURTHER**, that the Responsible Party is hereby authorized, for and on behalf of the Corporations, to modify, amend or revise the forms, terms and provisions of the Transaction and the Transaction Documents, to execute, deliver and/or file any and all documents, certificates, instruments, agreements and notices, and to perform or cause to be performed any and all acts as may, in his judgment, be necessary or desirable to accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby and by the Transaction and the Transaction Documents, and the making of any such modifications, amendments or revision, the taking of any such actions and/or the execution, delivery or filing of any such documents or instruments shall be conclusive evidence that the individual making such modification, amendment or revision, taking such action and/or executing, delivering or filing such document or instrument has deemed the same to be necessary or advisable; and

**RESOLVED FURTHER**, that the Responsible Party is hereby authorized to take all action to notify, or to obtain any authorizations, consents, licenses, waivers, findings of suitability or approvals of any third party that the Responsible Party deems necessary, appropriate or advisable to carry out the terms and provisions of the Transaction and the Transaction Documents and the transactions contemplated thereby or the intent and purposes of these resolutions.

<u>General</u>

**RESOLVED**, that the Responsible Party is authorized to (i) take or cause to be taken any and all further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered, and where necessary or appropriate, file or cause to be filed with the Bankruptcy Court and all other appropriate governmental authorities, all such other instruments, documents, certificates, contracts, bonds, agreements, notices, receipts or other papers (with such changes, deletions, additions and modifications thereto, or amendments or supplements thereof, as the Responsible Party approves, such approval to be conclusively evidenced by the execution thereof), (ii) incur and pay or cause to be paid all fees and expenses, and (iii) engage such persons as the Responsible Party determines in the exercise of his business judgment to be necessary or appropriate to carry out fully the intent and purposes of these resolutions and each of the transactions contemplated hereby;

**RESOLVED FURTHER**, that the omission from these resolutions of any agreement, document or other instrument contemplated by any of the transactions described in the foregoing resolutions or of any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Responsible Party to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and

**RESOLVED FURTHER**, that all acts and things heretofore done and all actions taken by the Responsible Party on behalf of the Corporations in connection with the transactions contemplated by the foregoing resolutions are adopted and approved as acts by and on behalf of the Corporation.